UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BYRON K. BYRD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:04CV1590ERW/MLM |
| | ) |
| CHUCK DWYER, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court pursuant to the Petition for Writ of Habeas Corpus filed by Petitioner Byron K. Byrd ("Petitioner") filed pursuant to 28 U.S.C. § 2254. Doc. 2. Respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc. 6. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Doc. 4.

**I.
BACKGROUND**

On December 14, 1989, a jury found Petitioner guilty of robbery first degree, a class A felony, committed on February 8, 1989, and of armed criminal action in conjunction with that robbery.[1] Resp. Ex. A. On February 9, 1990, the trial court issued Judgment and Sentence and found that Petitioner was a persistent offender pursuant to Mo. Rev. Stat. § 558.016 as he pleaded guilty or was found guilty of two felonies committed at different times and as he served not less than 120 days

---

[1] "Defendant went to trial on two counts of robbery first degree and two counts of armed criminal action for the February 4 and 8, 1989 robberies of the Bridgeton shop. He was found not guilty on two counts for the February 4, 1989 robbery but was convicted on one count of robbery first degree and one count of armed criminal action for the February 8, 1989 robbery." State v. Byrd, 815 S.W.2d 103, 105 (Mo. Ct. App. 1991).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

imprisonment in the Missouri Department of Corrections. The court further found that as a persistent offender Petitioner was required, pursuant to Mo. Rev. Stat. § 558.019, to serve a minimum of sixty percent of his sentence. The trial court sentenced Petitioner to a term of imprisonment of thirty years for robbery first degree and a consecutive term of twenty years for armed criminal action. Resp. Ex. A.

The Missouri appellate court described the testimony at Petitioner's trial as follows:[2]

> The Subway Sandwich Shop in Bridgeton, Missouri, was robbed on February 4, 1989, between 7:30 p.m. and 8:00 p.m. Lee Whitfield was on duty that evening and told police that a masked man pointed a gun at him and demanded money. Whitfield gave him the money in the cash register and the robber fled.
>
> On February 8, 1989, between 7:30 p.m. and 8:00 p.m., Whitfield was on duty with Ken Buchanan at the Bridgeton shop. Both were in the back of the shop when a customer entered. Buchanan walked up front and was confronted with a masked man who pointed a gun at him and demanded money. Whitfield recognized the voice as that of the robber from February 4, and he ran out the back door of the shop. The robber, after noticing a police car outside, took off his mask and told Buchanan to make him a sandwich. He fled after taking the food from Buchanan.
>
> Buchanan identified the defendant from photo and live line-ups as the robber of February 8, 1989. Whitfield viewed and listened to defendant at the police station and identified him by voice as the robber of February 4 and 8, 1989. The police questioned defendant about the robberies and he told the police he had never been to

---

[2] In proceedings pursuant to 28 U.S.C. § 2254, a "state court's factual findings carry a presumption of correctness that will be rebutted only by clear and convincing evidence." Hall v. Luebbers, 341 F.3d 706, 712 (8th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1); Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003)), cert. denied, 541 U.S. 996 (2004). Explicit and implicit findings by state trial and appellate courts are presumed to be correct. Rushen v. Spain, 464 U.S. 114, 120, (1983). Additionally, the Eighth Circuit holds that a habeas petitioner must provide "clear and convincing" evidence "to overcome the presumption of correctness that the law assigns to" findings of the state courts. Ashker v. Class, 152 F.3d 863, 867 (8th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1); 28 U.S.C. § 2254(d)(2). The presumption applies to basic, primary or historical facts and the inferences that can properly be drawn regarding them. See Case v. Mondragon, 887 F.2d 1388, 1393 (10th Cir. 1989) (citing Marshall v. Lonberger, 459 U.S. at 431-32; Cuyler v. Sullivan, 446 U.S. 335, 341-42 (1980)). "Questions of witness credibility are usually considered to be issues of fact." Id.(citing Brown v. Allen, 344 U.S. 443, 506 (1953)).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the Subway Sandwich Shop in Bridgeton or a nearby Subway Sandwich Shop in Woodson Terrace.

Defendant did not testify at trial. He presented an alibi defense that during the month of February 1989 he was a resident of the Archway House, a halfway house under contract at that time with the Missouri Department of Corrections. He presented evidence that he had not checked out of the house on either of the evenings of February 4 and 8, 1989.

State v. Byrd, 815 S.W.2d 103, 104-105 (Mo. Ct. App. 1991).

Petitioner's consolidated appeal was considered by the Missouri appellate court and the judgment against him was affirmed on August 27, 1991.[3] Byrd, 815 S.W.2d at 104-106.

In a letter dated May 12, 2003, and addressed to Petitioner, Roger Rutledge, District Administrator for the Southeast Correctional Center, stated that a parole hearing was scheduled for Petitioner in February 2022. Resp. Ex. C. In a letter to Petitioner dated May 14, 2003, Mr. Rutledge stated as follows:

> You are serving a 30 year sentence for Robbery 1st requiring that you complete 60% of your sentence before being eligible for a parole date. You are also serving a 20-year consecutive sentence for Armed Criminal Action requiring that you complete 60% before being eligible for a parole date. Your Conditional Release Date, on your 30-year sentence, is your sentence minus 5 years. Ordinarily you would complete the last 5 years of your sentence under supervision but since you have a consecutive sentence of ACA, you will begin serving your second sentence on your CR date for Robbery 1st. The 5 years of conditional release time will then be reapplied when you have completed 60% of your ACA sentence and the Board has set a date for release.

Resp. Ex. C.

---

[3] In his consolidated appeal Petitioner raised the following issues: the "trial court erred in allowing the police to testify that [Petitioner] said he was never in the Bridgeton shop or the Woodson Terrace shop and in permitting employees from the Woodson Terrace shop to testify that they saw defendant in the Woodson Terrace shop." State v. Byrd, 815 S.W.2d 103, 105 (Mo. Ct. App. 1991).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Petitioner filed a petition for declaratory judgment in the Circuit Court of Cole County, Missouri.[4] In his petition for declaratory judgment Petitioner alleged that the Missouri Board of Probation and Parole (the "Board") had "no authority to calculate his consecutive sentences at the maximum length for eligibility for parole"; that the Board's calculation was not in compliance with Mo. Rev. Stat. § 217.690; and that he has a liberty interest in parole. Resp. Ex. C at 2. On July 13, 2004, the Circuit Court of Cole County issued a Memorandum, Order & Judgment finding that Petitioner was not entitled to the relief pursuant to his petition for declaratory judgment. The court specifically found that:

> Petitioner's offenses occurred on February 8, 1989. ... Petitioner was found to be a persistent offender and was sentenced under § 558.019, RSMo. Supp. 1988 ... . Section 558.019 required a minimum prison term for prior, persistent or Class X offender, "other provisions of the law to the contrary notwithstanding." Id. Since the statute under which Petitioner was sentenced is expressly unaffected by § 217.690, RSMo., Petitioner is not entitled to relief. Petitioner's parole eligibility is correctly calculated.

Resp. Ex. D. at 1-2.

On about July 29, 2004, Petitioner filed, with the Missouri Supreme Court, a petition for writ of habeas corpus pursuant to Missouri Rule 91. Resp. Ex. E. Petitioner stated that he was bringing this action "as a direct appeal" of the Circuit Court's judgment of July 12, 2004. On September 2, 2004, the Missouri Supreme Court denied Petitioner's Rule 91 habeas petition without prejudice pursuant to Missouri Rule 84.22, which provides that no original remedial writ shall be issued by an appellate court where adequate relief is available in a lower court, and pursuant to Rule 91.02, which provides that a Rule 91 habeas petition must first be filed in the circuit court. Resp. Ex. F. On about

---

[4] The records before the court do not indicate the date upon which Petitioner filed the above described declaratory judgment action. The dates in both the Notice of Filing and the Certificate of Service are blank. Petitioner's Verification is dated by the Notary on September 26, 2003. Resp. Ex. C.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

September 15, 2004, Petitioner filed, with the State circuit court, a Rule 91 habeas petition in which he challenged the duration of his confinement. Resp. Ex. G. On September 17, 2004, the State circuit court dismissed Petitioner's second Rule 91 habeas petition without explanation. Resp. Ex. E.

In his § 2254 Petition filed with this court on November 11, 2004, Petitioner contends that the alleged miscalculation of his parole eligibility date violates his due process rights and that Mo. Rev. Stat. § 558.019 has been incorrectly applied to him. Doc. 2.

## II.
## LEGAL FRAMEWORK APPLICABLE TO DEFAULT, EXHAUSTION AND TIMELINESS ANALYSIS

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails to follow applicable state procedural rules for raising the claims "is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). See also Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994) ("[B]efore a petitioner can bring a federal habeas action, he must have presented the same legal theories and factual bases to the state courts." (citing Anderson v. Harless, 459 U.S. 4, 6 (1982); Kenley v. Armontrout, 937 F.2d 1298, 1301 (8th Cir. 1991)). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Abdullah, 75 F.3d at 411-12.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. See Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile state remedies,' through which the petitioner can present his claim." Id. (citation omitted).

However, "only a 'firmly established and regularly followed state practice' will bar federal court review." Clark v. Caspari, 274 F.3d 507, 510 (8th Cir. 2001) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). In Randolph v. Kemna, 276 F.3d 401, 404 (8th Cir. 2002), the Eighth Circuit held that the law of Missouri does not require "prisoners to pursue discretionary review by petitioning for transfer to the Missouri Supreme Court." The Eighth Circuit concluded, in Randolph, that a state prisoner, seeking federal habeas review, need not seek transfer to the Missouri Supreme Court. Id. at 404-405.

In Duncan v. Walker, 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

fully to consider federal-law challenges to state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Rose v. Lundy, 455 U.S. 509, 518-519 (1982)). The Court further stated in Duncan that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" 533 U.S. at 179 (citing Rose, 455 U.S. at 518). "The exhaustion rule promotes comity in that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" Id. (quoting Rose, 455 U.S. at 518) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950), overruled on other grounds, Fay v. Noia, 372 U.S. 391 (1963)). As stated by the Court in O'Sullivan, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."

The court further notes that a habeas petitioner has the burden to show that all available state remedies are exhausted or that exceptional circumstances exist with respect to every claim in his petition. Darr, 339 U.S. at 218-19; Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998).

Section 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254.

Petitioner in the matter under consideration raised the issue which he presents in his § 2254 Petition in the State circuit court and then presented this issue in two Rule 91 habeas petitions. He did not raise this issue in the direct appeal of his conviction or in State post-conviction relief proceedings. Rule 91 provides that a person restrained of liberty within Missouri may seek relief pursuant to a habeas corpus petition and specifically states that this rule "applies in all particulars not provided for by the foregoing provisions." Where a criminal defendant fails to timely bring a claim pursuant to state appellate or post-conviction procedure, there is authority that an issue unknown or

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

not reasonably discoverable to the inmate during the period in which he could have filed for relief under these procedures can provide the basis for habeas corpus relief under Rule 91. Brown v. Gammon, 947 S.W.2d 437, 440 (Mo. Ct. App. 1997) (citing Merriweather v. Grandison, 904 S.W.2d 485, 489 (Mo. Ct. App.1995); Walls v. Delo, 755 F. Supp. 873, 875 (E.D. Mo.1991)).

Also, under Missouri law "relief available under a writ of habeas corpus has traditionally been very limited, and courts are not required to issue this extraordinary writ where other remedies are adequate and available." Covey v. Moore, 72 S.W.3d 204, 209 (Mo. Ct. App. 2002) (quoting Clay v. Dormire, 37 S.W.3d 214, 217 (Mo. 2000) (en banc)). In Brown v. State, 66 S.W.3d 721, 726 (Mo. 2002) (en banc), the Missouri Supreme Court adopted the "cause and prejudice" standard for determining when a habeas petition is procedurally barred. Covey, 72 S.W.3d at 210. The Missouri Supreme Court stated in Brown that "habeas corpus . . . provides the proper avenue for relief in those limited circumstances in which the petitioner asserts a claim that is of the type" which is properly raised through post-conviction relief proceedings, but that is time-barred under applicable rules, "if the petitioner can meet the 'cause and prejudice' standard set out in State ex rel. Nixon v. Jaynes, [63 S.W.3d 210 (Mo. 2001) (en banc)]." 66 S.W.3d at 723. See also State ex rel. Simmons v. White, 866 S.W.2d 443, 446 (Mo. 1993) ("Habeas corpus may be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies *only* to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results.") (emphasis in original). Thus, a Missouri defendant who fails to file a direct appeal or a State post-conviction relief motion procedurally defaults claims that his conviction and/or sentence were in violation of the Constitution. See Simmons, 866 S.W.2d at 446 ("This state has established a procedural system that provides a timely review of criminal convictions. It allows for direct appeal and for post-conviction review of certain constitutional protections pursuant to Rules 29.15 and

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

24.035. ... [H]abeas corpus, however, was [not] designed for duplicative and unending challenges to the finality of a judgment.").

In Petitioner's case, upon sentencing, the trial court found that Petitioner was a persistent offender; that he was to serve his sentences consecutive to one another; and that he was required to serve sixty percent of each sentence. Thus, Petitioner could have alleged in his combined appeal that his sentence was contrary to State law and/or that it violated his rights under the Constitution. He failed to do so. Byrd, 815 S.W.2d 103-106 (Petitioner's combined appeal). Rather, he raised this issue pursuant to a declaratory judgment action and pursuant to Rule 91.

Further, as noted by the Eighth Circuit in Preston v. Delo, 100 F.3d 596, 600 (8th Cir. 1996), a "Rule 91 petition 'may be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies *only* to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results.'"(emphasis added) (quoting Simmons, 866 S.W.2d at 446). Also, "newly discovered evidence can be basis for Rule 91 petition." Id. (citing Wilson v. State, 813 S.W.2d 833, 834-35 (Mo.1991) (en banc)).

Where a Missouri prisoner fails to raise issues in his direct appeal or in post-conviction relief proceedings, he cannot base federal review pursuant to § 2254 on his filing a state petition for writ of habeas corpus which state petition is filed improperly pursuant to Missouri law. Preston, 100 F.3d at 600. The Eighth Circuit has explained as follows that:

> Byrd v. Delo, 942 F.2d 1226 (8th Cir.1991), ... involv[ed] the Missouri Supreme Court's summary denial of a Rule 91 habeas petition with the same language as used in this case. We stated, "[a]fter Coleman [v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ], there is simply no reason to construe an unexplained Rule 91 denial as opening up the merits of a previously defaulted federal issue," because such a denial rests on the Missouri procedural rule that Rule 91 cannot be used to raise claims that could have been raised on direct appeal or in a timely motion for post-conviction relief. Byrd, 942 F.2d at 1232. Both before and after Simmons, we have consistently followed Byrd 's rule regarding unexplained denials of Rule 91 petitions. See Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir.1996); Charron

9

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

v. Gammon, 69F.3d 851, 857 (8th Cir.1995), cert. denied, 518 U.S. 1009, 116 S.Ct. 2533, 135 L.Ed.2d 1056 (1996); Anderson v. White, 32 F.3d 320, 321 n.2 (8th Cir.1994); Battle v. Delo, 19 F.3d 1547, 1561 (8th Cir.1994) (subsequent history omitted); Blair v. Armontrout, 976 F.2d 1130, 1136 (8th Cir.1992), cert. denied, 508 U.S. 916, 113 S.Ct. 2357, 124 L.Ed.2d 265 (1993).

Id.

The State circuit court summarily denied Petitioner's Rule 91 habeas petition on September 17, 2004. Thus, for purposes of federal habeas review this court must assume that the issue which Petitioner raised in his Rule 91 habeas petition was not properly raised according to Missouri law. See Preston, 100 F.3d at 600; Byrd v. Delo, 942 F.2d 1226, 1232 (8th Cir. 1991). Indeed, Petitioner could have argued that he should not be required to serve sixty percent of his sentence in a post-conviction relief motion or in his combined appeal as the trial court made it clear in its Judgment and Sentence that Petitioner was required to do so. Resp. Ex. A. As such, the court finds that Petitioner has procedurally defaulted the issue which he raises in his § 2254 Petition. Additionally, Petitioner has not established cause and/or prejudice to excuse his procedural default. See Coleman, 501 U.S. at 750-51.

Even assuming, arguendo, that Petitioner could properly have raised the issue which he raises before this court in a Rule 91 habeas petition, upon his Rule 91 petition's being denied by the State circuit court on September 17, 2004, Petitioner could have filed a Rule 91 petition in the Missouri appellate court. Rule 91.01(a); Romano v. Wyrcik, 681 F.2d 555, 556-57 (8th Cir. 1982) (holding that under Missouri law the denial of a Rule 91 petition may not be appealed but a prisoner may "still obtain relief by filing a petition for habeas corpus in a Missouri appellate court") (citing State v. Dodson, 556 S.W.2d 938, 945 (Mo. Ct. App.1977)). As such, the court alternatively finds that Petitioner has failed to exhaust his State remedies.

10

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Because, however, it is arguable that Petitioner did not know the manner in which his parole eligibility would be calculated at the time he filed his post-conviction relief motion or his combined appeal, the court will, alternatively, consider Petitioner's claim on its merits.

## III.
## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"), applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 326-29 (1997).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court set forth the requirements for federal courts to grant writs of habeas corpus to state prisoners under § 2254. The Court held that "§2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for writ of habeas corpus with respect to claims adjudicated on the merits in the state court." Id. at 412. The Court further held that the writ of habeas corpus may issue only if the state-court adjudication resulted in a decision that:

> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. 412-13.

Williams further holds that the writ will not issue merely because the federal court concludes that the relevant state-court decision erroneously or incorrectly applied clearly established federal law.

11

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Id. at 411. "'Rather [the] application [by the state-court] must also be unreasonable.'" Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000) (quoting Williams, 529 U.S. at 411). See also Siers v. Weber, 259 F.3d 969, 973 (8th Cir. 2001).

The Court further explained in Williams that for a state-court decision to satisfy the "contrary to" prong of § 2254(d)(1), the state court must apply a rule that "contradicts the governing law as set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." 529 U.S. at 406. See also Price v. Vincent, 538 U.S. 634, 640 (2003). It is not necessary for a state court decision to cite, or even be aware of, applicable federal law, "so long as neither the reasoning nor the result of the state-court decision contradicts" federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

For a state-court decision to satisfy the "unreasonable application of" prong of § 2254(d)(1), the state court decision must "identif[y] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably appl[y] that principle to the facts of [a] prisoner's case. Williams, 529 U.S. at 413. See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001). Upon explaining § 2254's legal standard, the Supreme Court held in Penry that "even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." Id. at 793 (citing Williams, 529 U.S. at 410-11). The Eighth Circuit has held that "[t]o the extent that 'inferior' federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness of the state court's resolution of the disputed issue." Atley v. Ault, 191 F.3d 865, 871(8th Cir. 1999).

Additionally, § 2254(d)(2) provides that an application for writ of habeas corpus should not be granted unless the adjudication of the claim "resulted in a decision that was based on an

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

unreasonable determination of the facts in light of the evidence presented in the State court proceedings." Further, pursuant to § 2254(e)(1), "[a] state court's determination on the merits of a factual issue is entitled to a presumption of correctness." Boyd v. Minnesota, 274 F.3d 497, 500 (8th Cir. 2001). The state court's factual determinations "must be rebutted by clear and convincing evidence." King v. Kemna, 266 F.3d 816, 822 (8th Cir. 2001). For purposes of federal habeas relief, the state court decision involves an unreasonable determination of the facts in light of the evidence presented in state court proceedings "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003), cert. denied, 540 U.S. 1059 (2003). See also Jones v. Luebbers, 359 F.3d 1005, 1011 (8th Cir. 2004) ("[A] state court decision involves 'an unreasonable determination of the facts in light of th evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Boyd v. Minnesota, 274 F.3d 497, 501 n. 4 (8th Cir.2001)."), cert. denied, 125 S.Ct. 670 (Dec. 6, 2004).

The United States Supreme Court has recently defined the circumstances under which a state court reasonably applied federal law as follows:

> At the same time, the range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations. Cf. Wright v. West, 505 U.S. 277, 308-309, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (KENNEDY, J., concurring in judgment).

Yarborough v. Alvarado, 541 U.S. 652, 124 S.Ct. 2140, 2149 (2004)**.**

13

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The Eighth Circuit has addressed the issue of how to determine whether a state court has addressed a claim on its merits so that the AEDPA standard of review applies. See Brown v. Luebbers, 371 F.3d 458 (8th Cir. 2004), cert. denied, 125 S.Ct.1397 (Feb. 28, 2005). The court held in Brown that:

> [W]hat constitutes an adjudication on the merits? From the plain language of the statute and black-letter law, we know that the state court's decision must be a judgment--an adjudication--on a substantive issue--the merits (as compared with a procedural or technical point). A survey of opinions from our sister circuits demonstrates that, beyond these two considerations, resolving the question is not so easy. One thing is clear--no court has established bright-line rules about how much a state court must say or the language it must use to compel a § 2254 court's conclusion that the state court has adjudicated a claim on the merits. That is as it should be, given one court's difficulty in divining the thought processes of another based only on language being used in certain ways, not to mention the comity issues that would be raised. Cf. Coleman v. Thompson, 501 U.S. 722, 739, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (noting in discussion of procedural default in state habeas cases that the Court has "no power to tell state courts how they must write their opinions" so that reviewing "federal courts might not be bothered with reviewing state law and the record in the case"). We must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court.

Id. at 461.

Even where the bulk of a state court decision is "devoted to the state-law evidentiary question and whether 'the trial court abused its discretion' in excluding [evidence]," the Eighth Circuit has held that the "'summary nature' of the discussion of the federal constitutional question does not preclude application of the AEDPA standard." Id. at 462 (citing James v. Bowersox, 187 F.3d 866, 869 (8th Cir.1999)). The court further held in Brown that:

> [It] is not to say that citation to law and a key word from the application of that law--or anything else--is required for us to determine that the claim was adjudicated on the merits. We only hold that they suffice in this case for us to conclude that the Missouri Supreme Court's decision on this claim was an adjudication on the merits.

Id. at 462.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Where a federal constitutional question, however, is not adjudicated on its merits in state court proceedings, it is not appropriate for a federal court to apply the standard of § 2254 as amended by the AEDPA, because there is no apparent state-court adjudication to which this standard can be applied. See Robinson v. Crist, 278 F.3d 862, 865 (8th Cir. 2002) ("[B]ecause this claim apparently was not adjudicated by the [state] court, we likely should apply the pre-AEDPA standard of review."). Under the pre-AEDPA standard, a habeas petitioner must demonstrate a "'reasonable probability that the error complained of affected the outcome of the trial,' or that the verdict likely would have been different absent the now-challenged [error]." Id. at 865-66 (quoting Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir.1987) (en banc)).

## DISCUSSION

Petitioner contends that the alleged miscalculation of his parole eligibility date violates his due process rights and that Mo. Rev. Stat. § 558.019 has been incorrectly applied to him. First, the court notes that Mo. Rev. Stat. § 558.019.2, prior to being amended in 1994, provided, in relevant part, that, "[i]f the defendant has two prior felony convictions committed at different times, the minimum prison term which the defendant must serve shall be sixty percent of his sentence." Additionally, Mo. Rev. Stat. § 217.690 states:

> 2. Before ordering the parole of any offender, the board shall have the offender appear before a hearing panel and shall conduct a personal interview with him, unless waived by the offender. A parole shall be ordered only for the best interest of society, not as an award of clemency; it shall not be considered a reduction of sentence or a pardon. An offender shall be placed on parole only when the board believes that he is able and willing to fulfill the obligations of a law-abiding citizen. Every offender while on parole shall remain in the legal custody of the department but shall be subject to the orders of the board. ....
>
> 4. When considering parole for an offender with consecutive sentences, the minimum term for eligibility for parole shall be calculated by adding the minimum terms for parole eligibility for each of the consecutive sentences, except the minimum term for

15

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

parole eligibility shall not exceed the minimum term for parole eligibility for an ordinary life sentence.

Petitioner contended in State circuit court that the Board and the DOC had no authority to calculate his consecutive sentences at the maximum length for parole eligibility except under Mo. Rev. Stat. § 217.690.2. The State circuit court found that because Petitioner was a persistent offender he was required under Mo. Rev. Stat. §558.019.2 to serve a minimum term "other provisions of the law to the contrary notwithstanding" and that, as such, the statute under which Petitioner was sentenced is expressly unaffected by Mo. Rev. Stat. § 217.690.2. This court notes that the position of the Board as affirmed by the State circuit court is consistent with the applicable Missouri sentencing statutes.

Moreover, in his § 2254 Petition Petitioner raises an issue which is not cognizable pursuant to federal law as he seeks this court's review of the State court's interpretation of State law. Issues concerning the interpretation and application of state law are not cognizable in federal habeas review. Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994) (holding that it is not the province of a federal habeas court to reexamine state court determinations on state law questions; petitioner's claim was based only on Missouri law and actions of Missouri officials and thus may be addressed only by the Missouri courts); Higgins v. Smith, 991 F.2d 440, 442 (8th Cir. 1993) (holding that error in the interpretation and application of state law does not rise to the level of a constitutional violation cognizable in a federal habeas petition); Jones v. Armontrout, 953 F.2d 404, 405 (8th Cir. 1992) (holding that an incorrect application of a Missouri statute, without more, does not establish that a prisoner is being held in violation of the laws or constitution of the United States, which is a prerequisite for relief under § 2254).

Additionally, federal courts hold that the denial of parole does not increase a sentence but merely perpetuates the status quo; it assures continued incarceration during the term of a defendant's

16

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

sentence. See Roach v. Bd. of Pardons and Paroles, 503 F.2d 1367, 1368 (8th Cir.1974) (per curiam). There is no constitutional right to have specific release and parole eligibility dates calculated. Bagley v. Rogerson, 5 F.3d 325, 328-29 (8th Cir.1993) (violation of state law, without more, is not federal constitutional violation). The court finds, therefore, that Petitioner does not assert a constitutional violation, but merely requires the court to interpret and apply Mo.Rev.Stat. § 558.019. As such, Petitioner's claim is not cognizable under § 2254. Alternatively, considering Petitioner's claim on its merits, Petitioner has not stated grounds for federal habeas relief. See Bagley, 5 F.3d at 328; Roach, 503 F.2d at 1368. The court finds, therefore, applying a pre-AEDPA standard, that the issue raised by Petitioner in his § 2254 Petition is without merit and that his Petition should be dismissed. See Robinson, 278 F.3d at 865.

## VI.
## CONCLUSION

For the reasons stated above, the court finds that Petitioner has procedurally defaulted the issue which he raises in his § 2254 Petition. The court alternatively finds that the issue which Petitioner raises in his § 2254 Petition is not cognizable pursuant to § 2254 and/or that it is without merit. As such, Petitioner's § 2254 petition for habeas relief should be dismissed in its entirety. The undersigned further finds that the grounds asserted by Petitioner do not give rise to a any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner should not be granted a certificate of appealability in this matter. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED**; [2]

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER RECOMMENDED** that for the reasons stated herein, any motion by Petitioner for a certificate of appealability should be **DENIED**.

The parties are advised that Petitioner has eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/ Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of September, 2005.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com