UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BYRON K. BYRD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:04CV01590 ERW |
| ) | (MLM) |
| CHUCK DWYER, ) | |
| ) | |
| Respondent. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Mary Ann L. Medler [doc. #8], which was made pursuant to 28 U.S.C. § 636(b). Petitioner has filed an objection to the Report and Recommendation in which he states that the Magistrate misinterpreted his claim. When a party objects to a magistrate's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).

Petitioner's single ground for relief pursuant to § 2254 is that his parole eligibility date has been miscalculated by the Department of Corrections in violation of his due process rights in that Mo. Rev. Stat. § 558.019 has been incorrectly applied in his case. The Magistrate concluded that Petitioner's claim is procedurally defaulted, that it is not cognizable pursuant to § 2254, and that Petitioner has failed to present any grounds warranting habeas relief. In his objection, Petitioner first argues that the Magistrate erred in concluding that his claim is procedurally defaulted. According to Petitioner, his claim is not procedurally defaulted because it could not have been known to him at the

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

time of his direct appeal and post-conviction proceedings. Apparently in support of this contention, Petitioner claims that state prisoners need not exhaust state remedies when challenging a state statute governing parole. He cites *Geogevich v. Strauss*, 772 F.2d 1078 (3rd Cir. 1985), in support of this proposition. It appears, then, that Petitioner is objecting to the Magistrate's conclusion that he failed to exhaust his state court remedies. Petitioner's reliance on *Geogevich* is misplaced, and that case has no bearing upon the issues presented by the instant case.[1] Moreover, as the Magistrate correctly explained, Petitioner could have filed a Rule 91 petition in the Missouri appellate court. Petitioner did not do so, thereby failing to exhaust his state court remedies.

Next, Petitioner presents the same argument presented in his original Petition that Mo. Rev. Stat. § 558.019 has been incorrectly applied, resulting in a miscalculation of when Petitioner is eligible for parole. As the Magistrate correctly concluded, this claim is not cognizable under § 2254 and cannot provide a basis for federal habeas relief. Finally, Petitioner briefly states that he is challenging the state parole "process," and is not challenging "actual duration of confinement." Pet.'s Obj. at 3. A review of Petitioner's ground for relief and accompanying arguments reveals that this statement is incorrect. In fact, Petitioner is challenging the duration of his confinement and argues that this Court should find that his parole eligibility date was improperly calculated.

As the Magistrate correctly found, Petitioner's claim is procedurally defaulted. Even if his claim was not procedurally defaulted, relief would be denied because the claim is not cognizable

---

[1] In *Georgevich*, state prisoners brought a § 1983 action challenging state parole procedures on equal protection grounds. The *Georgevich* court specifically noted that state prisoners must exhaust available state remedies before seeking a writ of habeas corpus in federal court, but that litigants who properly seek redress in federal court under § 1983 are not required to exhaust state judicial or administrative remedies. *Georgevich*, 772 F.2d at 1085. Petitioner here has brought his claim pursuant to § 2254 and seeks a remedy of release, thereby distinguishing his case from the circumstances of *Georgevich*. *See id.* at 1086.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

under § 2254. Petitioner has failed to present any grounds for federal habeas relief. Therefore, after consideration of the issues, the Court hereby sustains, adopts, and incorporates herein the Magistrate's Report and Recommendation. In addition, the Court finds that Petitioner cannot make a substantial showing of the denial of a constitutional right, which is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Therefore, the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's § 2254 motion.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Byron K. Byrd's § 2254 Petition [doc. #2] is **DENIED**.

Dated this 1st day of February, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com